UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-Civ-23324-COOKE/TORRES

DIEGO HURTADO,

    Plaintiff,

v.

ARAMARKCORP.,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER is before this Court on Defendant's Motion to Dismiss (ECF No. 3), and Defendant's Motion to Strike Plaintiff's Untimely Opposition to Defendant's Motion to Dismiss ("Motion to Strike") (ECF No. 7). Defendant's Motion to Dismiss is fully briefed and ripe for adjudication. I have reviewed Defendant's motions, Plaintiff's response, Defendant's reply, and the relevant legal authorities. For the reasons provided below, Defendant's Motion to Strike and Motion to Dismiss are denied.

## I.  BACKGROUND

Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), alleging discrimination and retaliation.[1] According to Plaintiff's state court complaint, Plaintiff was a Senior Grounds Manager for the Defendant from May 1999 through August 21, 2012. In August 2011, Plaintiff alleges that Defendant's Human Resources Department advised him that eight charges of discrimination had been filed with the Equal Employment Opportunity Commission ("EEOC") against the Defendant based on racial discrimination. Plaintiff further alleges that because of the discrimination charges, management instructed him that he should not hire or promote any more Black employees. Plaintiff claims that he responded

---

[1] These facts are taken from the Plaintiff's Complaint. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

negatively to these instructions, expressing that he felt the most qualified persons should be hired regardless of race.

In late June 2012, Plaintiff took a ten-day leave from work in order to receive and train with his Service Dog. Upon his return Plaintiff says that he was subjected to harassment and scrutiny. Plaintiff's complaint provides that this harassment was in part because of his reliance on a Service Dog, as well as his continued hiring and promotion of Black applicants and employees—a practice for which he was issued a written warning. Plaintiff maintains that he protested that these hiring practices were wrong and illegal.

After filing a charge of discrimination with the EEOC on September 7, 2012,[2] a Right to Sue Letter was issued on March 21, 2013. On July 5, 2013, Plaintiff filed the current action in state court, which was removed to federal court based on diversity jurisdiction. On September 16, 2013, Defendant moved to dismiss the Complaint because the statute of limitations had run. Pursuant to local and federal rules, the Plaintiff's response to Defendant's Motion to Dismiss was due by October 10, 2013; however, it was not submitted until October 14, 2013—four days late. Thereafter, Defendant submitted its Motion to Strike the Plaintiff's Untimely Response.

## II. DISCUSSION

**a. Motion to Strike**

Southern District of Florida Local Rule 7.1(c) provides, *inter alia*:

> **(c) Memorandum of Law.** Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default.

S.D. Fla. L.R. 7.1(c).

Because a dismissal, with prejudice, for failure to comply with local rules is a ***drastic*** sanction, it may be used only as a last resort, when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically

---

[2] Florida law provides that "[i]n lieu of filing the complaint with the commission, a complaint under this section may be filed with the federal Equal Employment Opportunity Commission or with any unit of government of the state which is a fair-employment-practice agency under 29 C.F.R. ss. 1601.70-1601.80." Fla. Stat. § 760.11 (2013).

finds that lesser sanctions would not suffice." *Rex v. Monaco Coach*, 155 F. App'x 485, 486 (11th Cir. 2005) (emphasis added).

Defendant's Motion to Strike seeks for this Court to strike Plaintiff's response to Defendant's Motion to Dismiss because Plaintiff filed its response four (4) days after it was due. The repercussions of this would result in automatic dismissal of the Complaint, as the Motion to Dismiss would then be unopposed. However, Defendant's argument is unavailing. Absent a pattern of delay, willful contempt, or contumacious conduct this Court does not agree that four days justifies depriving the Plaintiff of his day in court. *See Rex v. Monaco Coach*, 155 F. App'x 485, 486 (11th Cir. 2005). Therefore, the Defendant's Motion to Strike is denied.

**b. Motion to Dismiss**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). Dismissal of a claim on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred. *See* Fed. R. Civ. P. 12(b)(6); *see also Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195 (11th Cir. 2013).

Defendant moves to dismiss because the statute of limitations has run. Defendant argues that Plaintiff's complaint must be dismissed because it was filed after the 90-day statute of limitations. While it is true that Title VII claims must be brought within 90 days of receipt of an EEOC Right to Sue letter, Plaintiff's complaint does not seek redress under Title VII. Plaintiff brings its claims under the Florida Civil Right's Act ("FCRA"), and therefore, is governed by state law. Fla. Stat. § 760 provides, *inter alia*, that:

> (4) In the event that the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992, the aggrieved person may either:
>
> (a) Bring a civil action against the person named in the complaint in any court of competent jurisdiction; or

3

>   (b) Request an administrative hearing under ss. 120.569 and 120.57. . . .
>
>   (5) . . . A civil action brought under this section shall be commenced **no later than 1 year** after the date of determination of reasonable cause by the commission.

Fla. Stat. 760.11(4)-(5) (emphasis added).

In *Digiro v. Pall Aeropower Corp.*, the Middle District of Florida outlined that "[t]he statutory time limit within which an aggrieved person may file a civil action, under section 760.11(5) of the 'FCRA', is 'no later than 1 year after the determination of reasonable cause by the commission.'" *Digiro v. Pall Aeropower Corp.*, 19 F.Supp. 2d 1304, 1309 (M.D. Fla. 1998). The court concluded that the plaintiff's one-year period began on September 18, 1995 and ended the following September 18, 1996. However, because the plaintiff did not file its complaint until September 25, 1997, the complaint was time-barred. *Id*.

Here, Defendant cites cases that have dismissed FCRA claims where the Plaintiff failed to meet the federal 90-day EEOC filing requirement; however, those cases are distinguishable. In those cases, the plaintiffs brought discrimination claims under both Title VII and the FCRA. *See, e.g.*, *Novelus v. Hebrew Home Sinai, Inc.*, 1:11-CV-24447-KMM, 2012 WL 2675478, at *1 (S.D. Fla. July 6, 2012) (Plaintiff alleged discrimination based on violations of 42 U.S.C. § 1981, the Florida Civil Rights Act of 1992, and the Age Discrimination and Employment Act.); *Wallace v. Pub. Health Trust of Dade Cnty.*, 370 F. Supp. 2d 1247, 1248 (S.D. Fla. 2005) (Plaintiff brought action pursuant to: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, 42 U.S.C. § 1981, and the Florida Civil Rights Act for racial discrimination and retaliation.).

However, Plaintiff's complaint rests solely on a violation of the FCRA—a Florida statute. While neither party cites any cases analogous to the instant case, the language in *Padilla v. North Broward Hosp.*, 270 F. App'x 966 (11th Cir. 2008), buttress this Court's decision. In *Padilla*, the plaintiff was issued a Right to Sue Letter by the EEOC on August 29, 2003. *Id.* at 968-69. In August 2004, Padilla sued his former employer, claiming discrimination in violation of the FRCA. *Id*. at 969. Approximately two years later, Padilla amended his complaint, adding a federal claim under Title VII. *Id*. This court granted the Defendant's motion for summary judgment, rejecting Padilla's FRCA claims on their merits

and concluding that Padilla's Title VII claim was time barred. *Padilla v. North Broward Hosp.*, No. 06-civ-60934 2007WL 2364332 at *1.

On appeal, the Eleventh Circuit agreed that Padilla failed to meet 42 U.S.C. § 2000e-5(1)(1)'s 90-day filing requirement. However, footnote 6 is clear on any time issues that would have been raised in regard to the FCRA claims. Footnote 6 provides, "[i]n contrast, the FCRA provides that such claims be filed within one year of notice of a determination from the Florida Committee on Human Relations. *See* Fla. Stat. 760.11. Thus, the original complaint filed in state court alleging violations of the FCRA was timely." *Id*. at *972.

The dicta in the Eleventh Circuit's opinion makes it clear that claims under FCRA are to be governed by the time prescribed by the statute. The Notice of Suit Letter issued by the EEOC also provides that "[t]he time for filing suit based on a claim under state law may be different." Therefore, dismissing Plaintiff's complaint, filed five months after receipt of the EEOC letter would be an injurious error to the plaintiff.

### III.   CONCLUSION

Plaintiff's complaint sufficiently pleads a timely claim under the Florida Civil Right's Act. Accordingly, Defendant's Motion to Dismiss, ECF No. 3, and Motion to Strike, ECF No. 7, are **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of September 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*